UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                    :
                                          :   Chapter 11
                                          :
NORTHWESTERN CORPORATION,                 :
                                          :   Case No. 03-12872 (JLP)
         Reorganized Debtor.              :

                                              Related to Docket No. 3068

### RICHARD R. HYLLAND'S COUNTER-DESIGNATION OF THE RECORD ON APPEAL AND COUNTER-STATEMENT OF ISSUES ON APPEAL

Richard R. Hyland ("Hylland"), by his undersigned counsel, and pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, hereby files this Counter-Statement of Issues on Appeal in connection with his cross-appeal from the Bankruptcy Court's May 5, 2005 Order with Respect to Arbitration of Richard Hylland's Claims Against NorthWestern Corporation [Docket No. 3050].

### Counter-Designation of the Record

| No. | Docket No. | Item |
|---|---|---|
| 1 | 2018 | Motion Pursuant to §§ 105(a) and 363 of the Bankruptcy Code Authorizing Debtor to Terminate Certain Non-Qualified Retirement Plans |
| 2. | 2615 | Reorganized Debtor's Objection to Claim Numbers 695, 696 and 813 Filed by Richard R. Hylland, Pursuant to 11 U.S.C. §§ 502(b), (c) & (d) and Fed. R. Bankr. P. 3007 [Substantive] |

### Counter-Statement of Issues on Appeal

1.   Whether the Bankruptcy Court erred in referring to arbitration the issue whether it had subject matter jurisdiction over NorthWestern Corporation's motion (the "SISP Motion") to

SL1 544198v1/14548.001

terminate the Supplemental Income Security Plan (the "SISP Plan") where its confirmed *Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (the "Plan") expressly provided, at Section 8.5, that:

> Compensation and Benefit Programs. Except as otherwise provided in this Plan or subsequent motion prior to the Effective Date, all employment plans, practices, programs and policies maintained by the Debtor as of the Effective Date shall remain in full force and effect following the Effective Date, subject to any and all rights of the Debtor under applicable non-bankruptcy law to amend or terminate such plans, practices, programs and policies,

and the SISP Plan is not a retiree benefit plan subject to Section 8.6 of the Plan and no other provision of the Plan provides otherwise with respect to employment plans, practices, programs and policies.

2. Whether the Bankruptcy Court erred in referring to arbitration the issue whether it had subject matter jurisdiction over Northwestern Corporation's SISP Motion, even if Section 8.6 of the Plan applies, when the Plan already had been substantially consummated prior to the filing of the SISP Motion.

Dated: Wilmington, Delaware  
       June 1, 2005

Respectfully Submitted,  
STEVENS & LEE

_/s/ John D. Demmy_  
JOHN D. DEMMY (I.D. No. 2802)  
1105 North Market Street, 7th Floor  
Wilmington, DE 19801  
Telephone: (302) 425-3308  
Telecopier: (610) 371-8515  
Email: jdd@stevenslee.com  
*Attorneys for Richard R. Hylland*